Filed 7/21/15  P. v. Ibrahim CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> HUSSEIN A. IBRAHIM, <br><br> Defendant and Appellant. | D067002 <br><br><br> (Super. Ct. No. SCD235716) |

APPEAL from a judgment of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Affirmed.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2012, a jury convicted Hussein A. Ibrahim of assault with force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(1)) and battery with serious bodily injury (§ 243, subd. (d)).  The jury also found true an allegation that Ibrahim inflicted

_____

[1]     All further statutory references are to the Penal Code unless otherwise specified.

great bodily injury on the victim (§ 12022,7, subd. (a)). Ibrahim admitted two serious felony prior convictions (§ 667, subd. (a)(1)) and two strike convictions (§ 667, subds. (b)-(i)). Ibrahim was originally sentenced to 25 years to life plus 13 years.

Ibrahim appealed the original judgment. In an unpublished opinion, this court affirmed the convictions but remanded for resentencing. (*People v. Ibrahim* (Jan. 10, 2014, D062647).)

On remand the trial court found insufficient evidence to support one of the strike priors and one of the serious felony priors. Ibrahim was resentenced to a total term of 16 years in prison, consisting of the upper term of four years for the assault count, doubled to eight years based on the strike prior. The sentence on the battery count was stayed. (Pen. Code, § 654.) The court imposed five years for the serious felony prior and three years for the great bodily injury enhancement.

Ibrahim filed a timely notice of appeal,

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating he has not been able to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Ibrahim the opportunity to file his own brief on appeal. Ibrahim requested and was granted additional time to file his brief, but ultimately he did not respond.

## STATEMENT OF FACTS

A witness testified that he saw Ibrahim arguing with the victim on the night of the offense, and the witness tried to break up the argument. The witness testified that he later

saw Ibrahim straddling the victim and punching him in the face with a closed fist. The witness called 9-1-1 and when police arrived took them to the victim who was seriously injured. Ibrahim made statements to police that he had been arguing with the victim and was trying to protect himself.

## DISCUSSION

As we have noted, counsel has filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, asking this court to review the record for error. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issue for our consideration:

Whether the trial court abused its discretion in selecting the upper term for the assault count?

We have reviewed the entire record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 728, and have not discovered any reasonably arguable issues for reversal on appeal. Competent counsel has represented Ibrahim on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

BENKE, J.

3